1  Michael D. Kuznetsky, Esq. (Cal. State Bar No. 241045)
   mike@kuzlaw.com
2  Mark D. Kesten, Esq. (Cal. State Bar No. 290509)
   mark@kuzlaw.com
3  KUZNETSKY LAW GROUP, P.C.
   210 N. Pass Avenue, Suite 103
4  Burbank, CA 91505
   Tel: 818.753.2450; Fax: 818.736.9099
5
6  Attorneys for Plaintiff, MALLORY HAMMETT

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10  MALLORY HAMMETT,                    Case No.:

11              Plaintiff,              **COMPLAINT FOR DAMAGES FOR:**
                                        **(1) PREGNANCY DISCRIMINATION ACT**
12      v.                              **UNDER TITLE VII; (2) UNLAWFUL**
                                        **RETALIATION UNDER TITLE VII; (3)**
13  IMPRES TECHNOLOGY SOLUTIONS,        **WRONGFUL TERMINATION UNDER**
    INC. and DOES 1-10,                 **TITLE VII; (4) DISABILITY**
14                                      **DISCRIMINATION (FAILURE TO**
                Defendants.             **ACCOMMODATE) UNDER THE ADA; (5)**
15                                      **DISABILITY DISCRIMINATION UNDER**
                                        **THE ADA; (6) UNLAWFUL**
16                                      **RETALIATION UNDER THE ADA;**
                                        **(7) WRONGFUL TERMINATION UNDER**
17                                      **THE ADA; (8) WAGE DISCRIMINATION**
                                        **UNDER THE EPA; (9) DISABILITY**
18                                      **DISCRIMINATION UNDER THE FEHA;**
                                        **(10) RETALIATION IN VIOLATION OF**
19                                      **THE FEHA; (11) FAILURE TO PROVIDE**
                                        **REASONABLE ACCOMMODATION**
20                                      **(GOV. CODE § 12940 ET SEQ.); (12)**
                                        **FAILURE TO ENGAGE IN THE**
21                                      **INTERACTIVE PROCESS (GOV. CODE §**
                                        **12940 ET SEQ.); (13) FAILURE TO**
22                                      **PREVENT DISCRIMINATION AND**
                                        **RETALIATION; (14) DISABILITY**
23                                      **DISCRIMINATION IN VIOLATION OF**
                                        **PUBLIC POLICY; (15) RETALIATION IN**
24                                      **VIOLATION OF PUBLIC POLICY; (16)**
                                        **DISPARATE TREATMENT UNDER THE**
25                                      **FEHA; & (17) INTENTIONAL**
                                        **INFLICTION OF EMOTIONAL**
26                                      **DISTRESS.**

27                                      **DEMAND FOR JURY TRIAL**

28

*KUZNETSKY LAW GROUP, P.C.*
*210 N. Pass Avenue, Suite 103*
*Burbank, CA 91505*
*(818) 753-2450*

                                    1
                        **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff, Mallory Hammett ("Plaintiff" or "Hammett") and files this Complaint asserting claims against Defendant IMPRES Technology Solutions, Inc. ("IMPRES" or "Defendant") and DOES 1-10, and alleges as follows:

## INTRODUCTION

1. This employment case arises from Defendant, IMPRES Technology Solutions, Inc.'s discrimination and retaliation against Plaintiff, Mallory Hammett, a woman that became pregnant and that was promptly removed from major accounts, reducing her compensation, and ultimately fired before she could return from maternity leave. Accordingly, Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), Americans with Disabilities Act of 1990 ("ADA"), Equal Pay Act of 1963 ("EPA"), and California's Fair Employment and Housing Act ("FEHA"), Government Code §§12900-12996, for discrimination based on gender and disability.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-2, et. seq., 42 U.S.C. §12101 et seq., 29 U.S.C. § 206(d), and 28 U.S.C. § 1331, Plaintiff also asserts state law claims under Cal. Gov. Code § 12940 et seq. and California common law. *See* 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendant because Defendant is a California entity, is headquartered in this district and division, hired Plaintiff in California, and began Plaintiff's employment in California. Defendant then improperly terminated, retaliated, and discriminated against Plaintiff as a direct and proximate cause of decisions its management made in the State of California. Accordingly, Defendant has sufficient minimum contacts with this judicial district such that the exercise of jurisdiction comports with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because the claims asserted in this action arise within this district and division.

**COMPLAINT FOR DAMAGES**

KUZNETSKY LAW GROUP, P.C.
P.C.
210 N. Pass Avenue, Suite 103
Burbank, CA 91505
(818) 753-2450

5.     This Court has jurisdiction over all claims in this action. As stated below, all administrative prerequisites have been met.

## THE PARTIES

6.     The foregoing paragraphs are incorporated herein as if set forth in full.

7.     Plaintiff, Mallory Hammett is an individual residing in San Diego, California.

8.     Defendant, IMPRES Technology Solutions, Inc. is a foreign for-profit corporation with its principal place of business located at 10330 Pioneer Blvd. Suite 280, Santa Fe, Springs, CA 90670.  IMPRES may be served with process through its registered agent, Karla Emis, 10330 Pioneer Blvd., Ste. 280, Santa Fe Springs, CA 90670, or wherever it may be found.

## FACTUAL BACKGROUND

9.     The foregoing paragraphs are incorporated herein as if set forth in full.

10.     Hammett began working at IMPRES in December 2015 as an Inside Sales Representative ("ISR").  She was hired in California and began her employment with IMPRES in California.

11.     IMPRES is a government IT services provider, entering into profitable agreements with, among other governmental agencies, the Department of Labor.  Although she was also paid a base salary, a significate portion of Hammett's compensation was tied to the accounts she worked on with IMPRES on a commission structure which included payments received from certain government contracts. The Department of Labor, among others, was one of the accounts assigned to Plaintiff's team.

12.     Hammett became pregnant, notifying IMPRES of her pregnancy in or around May of 2019.  At this time, Hammett had become an integral asset for the Department of Labor account team with IMPRES, and her compensation was tied to this major account.  She was a leader in facilitating a major computer implementation for the account, was complimented by her supervisor in connection with her work as an ISR on the account, and had strong performance reviews.  However, after notifying IMPRES of her pregnancy, Hammett was promptly removed from the team handling the Department of Labor Account, which significantly reduced her compensation with IMPRES.

KUZNETSKY LAW GROUP, P.C.
P.C.
210 N. Pass Avenue, Suite 103
Burbank, CA 91505
(818) 753-2450

2

13. Hammett also worked on accounts and projects for the Department of Health and Human Services-National Institutes of Health, for the Department of Treasury-Internal Revenue Service, and for the Department of Homeland Security-Federal Emergency Management Agency.

14. Thereafter, Hammett continued working until September 13, 2019 and gave birth four days later, on the 17th of September. She took maternity leave, a fringe benefit offered to employees of IMPRES, and it was medically necessary that her leave be extended due to complications arising from her pregnancy and the birth of her child. Hammett provided IMPRES a doctor's note establishing this requirement. Hammett confirmed for IMPRES that she would almost certainly be able to medically return to work by no later than January 7, 2020. Without warning, on or around December 27, 2019, IMPRES informed Hammett that her position had been eliminated. This was reconfirmed on January 3, 2020.

15. Accordingly, as a direct and proximate result of becoming pregnant, Hammett's compensation was almost immediately reduced, and her position was terminated when she was on pregnancy leave and dealing with certain medical disabilities relating to childbirth and consequences therefrom.

16. Hammett filed complaints against Defendant with the U.S. Equal Employment Opportunity Commission ("EEOC") and the California Department of Fair Employment and Housing ("DFEH"). Plaintiff received a right-to-sue letter from both the EEOC and DFEH giving Plaintiff the right to sue Defendant. True and correct copies of the EEOC and DFEH right-to-sue letters are attached hereto as Exhibits "A" and "B," respectively, and are incorporated as though set forth herein. Moreover, Hammett has been in contact with IMPRES, requesting that they amicably resolve this matter before seeking the Court's intervention. Unfortunately, IMPRES declined. Plaintiff has timely exhausted all of her administrative remedies. Hammett is therefore forced to seek a remedy through the present lawsuit.

///

///

///

KUZNETSKY LAW GROUP, P.C.
P.C.
210 N. Pass Avenue, Suite 103
Burbank, CA 91505
(818) 753-2450

3

## FIRST CAUSE OF ACTION

### Pregnancy Discrimination Act Under Title VII

17.    The foregoing paragraphs are incorporated herein as if set forth in full.

18.    Defendant discriminated against Hammett in violation of Title VII 42 U.S.C. § 2000e-2, *et. seq.* when Defendant terminated her employment because of her pregnancy.

19.    Hammett was subjected to different terms and conditions of employment and was ultimately terminated by Defendant because of her pregnancy.

20.    Hammett belongs to a protected class.

21.    Hammett was qualified for her position.

22.    Hammett was discharged on account of her pregnancy (female gender).

23.    Defendant committed a violation because gender was a substantial motivating factor for a discriminatory employment actions (reassigning and ultimately terminating because of pregnancy), even though other factors also motivated Defendant's actions. Defendant's unwillingness to follow its own benefits procedures is additional evidence of disparate treatment of Hammett.

24.    As a result of Defendant's discriminatory actions, Hammett has suffered lost wages and benefits in the past and future, emotional pain and suffering, and mental anguish, all of which were caused by Defendant's treatment of Hammett.

25.    Further, Defendant acted with malice or, in the alternative, with reckless indifference to the protected rights of Hammett.

## SECOND CAUSE OF ACTION

### Unlawful Retaliation Under Title VII

26.    The foregoing paragraphs are incorporated herein as if set forth in full.

27.    Plaintiff engaged in protected activity as set forth in 42 U.S.C. § 2000e-3(a).

28.    In response, Defendant retaliated against Hammett and ultimately terminated her employment.

29.    Defendant's actions violated 42 U.S.C. § 2000e-3(a).

KUZNETSKY LAW GROUP, P.C.
P.C.
210 N. Pass Avenue, Suite 103
Burbank, CA 91505
(818) 753-2450

4

**COMPLAINT FOR DAMAGES**

**THIRD CAUSE OF ACTION**

**Wrongful Termination Under Title VII**

30.   The foregoing paragraphs are incorporated herein as if set forth in full.

31.   Defendant terminated Hammett's employment.

32.   Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**FOURTH CAUSE OF ACTION**

**Disability Discrimination (Failure to Accommodate) Under ADA**

33.   The foregoing paragraphs are incorporated herein as if set forth in full.

34.   Hammett requested a reasonable medical accommodation.

35.   Defendant refused to provide Hammett with a reasonable medical accommodation.

36.   Defendant discriminated against Hammett because of Hammett's disability due to complications arising from her pregnancy and the birth of her child.

37.   Defendant's actions violated  42 U.S.C. § 12112.

**FIFTH CAUSE OF ACTION**

**Disability Discrimination Under the ADA**

38.   The foregoing paragraphs are incorporated herein as if set forth in full.

39.   Defendant discriminated against Plaintiff because of Plaintiff's pregnancy, gender, and her medical disability.

40.   Defendant's actions violated 42 U.S.C. § 2000e-2(a).

**SIXTH CAUSE OF ACTION**

**Unlawful Retaliation Under the ADA**

41.   The foregoing paragraphs are incorporated herein as if set forth in full.

42.   Plaintiff engaged in protected activity as set forth in 42 U.S.C. § 2000e-3(a) and 42 U.S.C. § 12203.

43.   In response, Defendant retaliated against Hammett and ultimately terminated her employment.

44.   Defendant's actions violated 42 U.S.C. § 12203.

KUZNETSKY LAW GROUP, P.C.
P.C.
210 N. Pass Avenue, Suite 103
Burbank, CA 91505
(818) 753-2450

5

KUZNETSKY LAW GROUP, P.C.
P.C.
210 N. Pass Avenue, Suite 103
Burbank, CA 91505
(818) 753-2450

### SEVENTH CAUSE OF ACTION

### Wrongful Termination Under the ADA

45.    The foregoing paragraphs are incorporated herein as if set forth in full.

46.    Defendant terminated Plaintiff's employment because of Plaintiff's pregnancy, gender, and medical disability.

47.    Defendant's actions violated 42 U.S.C. § 12112.

### EIGHTH CAUSE OF ACTION

### Wage Discrimination Under the EPA

48.    The foregoing paragraphs are incorporated herein as if set forth in full.

49.    Defendant's actions violated 29 U.S.C. § 206(d).

### NINTH CAUSE OF ACTION

### Disability Discrimination Under the FEHA

50.    The foregoing paragraphs are incorporated herein as if set forth in full.

51.    Under the Fair Employment and Housing Act ("FEHA"), Government Code section 12940 *et. seq.*, it is an unlawful employment practice for an employer, because of a person's disability, to refuse to hire or employ the person, to refuse to select the person for a training program leading to employment, to bar or discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.   It is unlawful, under the FEHA Government Code section 12940, because of a person's disability, to retaliate or discriminate against an employee.

52.    Hammett was an employee of IMPRES.

53.    Defendant knew Plaintiff had the aforementioned protected status, described hereinabove.

54.    Hammett was qualified for her position and performed work competently for IMPRES.

55.    Hammett's medical disability (due to complications arising from her pregnancy and childbirth) was a motivating factor in Defendant's decision to subject Plaintiff to adverse

6

employment actions. Defendant's adverse employment actions caused Plaintiff harm in regards to compensation and terms, conditions and privileges of employment. Plaintiff's disability was a motivating factor in Defendant's aforementioned decision to reassign and ultimately terminate Plaintiff.

## TENTH CAUSE OF ACTION

### Retaliation in Violation of the FEHA

56.  The foregoing paragraphs are incorporated herein as if set forth in full.

57.  Hammett was a woman experiencing complications from her pregnancy and the birth of her child.

58.  IMPRES subjected Hammett to adverse employment actions. She was reassigned and ultimately discharged.

59.  Plaintiff being a pregnant woman was a substantial motivating reason for Defendant's decision to reassign and ultimately terminate Hammett.

60.  Hammett was harmed.

61.  IMPRES' decision to reassign and ultimately terminate Hammett was a substantial factor in causing her harm.

## ELEVENTH CAUSE OF ACTION

### Failure to Provide Reasonable Accommodation (Gov. Code § 12940 *et seq.*)

62.  The foregoing paragraphs are incorporated herein as if set forth in full.

63.  Hammett was employed by IMPRES.

64.  IMPRES knew of Plaintiff's pregnancy and medical complications.

65.  Defendant subjected Hammett to adverse employment actions by failing to provide Hammett with a reasonable medical accommodation and extended leave.

66.  Hammett's medical disability and gender were substantial motivating reasons for Defendant's decision to reassign and discharging Plaintiff from employment after pregnancy disability leave (and maternity leave).

67.  Hammett was qualified for her position and performed work competently for IMPRES.

KUZNETSKY LAW GROUP, P.C.
P.C.
210 N. Pass Avenue, Suite 103
Burbank, CA 91505
(818) 753-2450

7

68.   Hammett sought reasonable accommodation for her medical disability.

69.   Defendant failed to provide reasonable accommodation for Plaintiff's medical disability.

70.   Hammett was harmed.

71.   IMPRES' failure to provide reasonable accommodation was a substantial factor in causing Hammett's harm.

### TWELFTH CAUSE OF ACTION

### Failure to Engage in the Interactive Process (Gov. Code § 12940 *et seq.*)

72.   The foregoing paragraphs are incorporated herein as if set forth in full.

73.   Hammett was employed by IMPRES.

74.   Defendant knew Hammett was pregnant and experiencing complications.

75.   Hammett requested that IMPRES make reasonable accommodation for her medical disability so that she would be able to perform the essential job requirements;

76.   Hammett was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements.

77.   Defendant failed to participate in a timely good-faith interactive process with Hammett to determine whether reasonable accommodation could be made.

78.   Hammett was harmed.

79.   IMPRES' failure to engage in a good-faith interactive process was a substantial factor in causing Plaintiff's harm.

### THIRTEENTH CAUSE OF ACTION

### Failure to Prevent Discrimination and Retaliation

80.   The foregoing paragraphs are incorporated herein as if set forth in full.

81.   Hammett was employed by IMPRES.

82.   Hammett was subjected to discrimination and retaliation in the course of employment.

KUZNETSKY LAW GROUP, P.C.
P.C.
210 N. Pass Avenue, Suite 103
Burbank, CA 91505
(818) 753-2450

8

83. Defendant failed to take all reasonable steps to prevent the discrimination and retaliation.

84. Hammett was harmed.

85. Defendant's failure to take all reasonable steps to prevent discrimination and retaliation were substantial actors in causing Plaintiff's harm.

## FOURTEENTH CAUSE OF ACTION

### Disability Discrimination in Violation of Public Policy

86. The foregoing paragraphs are incorporated herein as if set forth in full.

87. Hammett was employed by Defendant.

88. Defendant reassigned and ultimately terminated Hammett.

89. Defendant's discrimination against Hammett was a violation of public policy. Plaintiff was discriminated against based on her pregnancy, gender, and disability. Defendant's discrimination against Hammett was a substantial motivating reason for her discharge;

90. Hammett was harmed.

91. The reassignment and termination discharge were  substantial factors in causing Hammett harm.

## FIFTEENTH CAUSE OF ACTION

### Retaliation in Violation of Public Policy

92. The foregoing paragraphs are incorporated herein as if set forth in full.

93. Hammett was employed by IMPRES.

94. IMPRES reassigned and ultimately terminated Hammett.

95. Hammett's pregnancy and medical disability were substantial motivating reasons for Hammett's reassignment and termination.

96. Defendant's decision to reassign and ultimately terminate Hammett was a violation of public policy.

97. Plaintiff was harmed; and

98.  The reassignment and termination were substantial factors in causing Hammett's harm.

**COMPLAINT FOR DAMAGES**

KUZNETSKY LAW GROUP, P.C.
P.C.
210 N. Pass Avenue, Suite 103
Burbank, CA 91505
(818) 753-2450

## SIXTEENTH CAUSE OF ACTION

### Disparate Treatment Under the FEHA

99.    The foregoing paragraphs are incorporated herein as if set forth in full.

100.   Defendant subjected Hammett to adverse employment actions by failing to provide Hammett with a reasonable medical accommodation and extended leave.

101.   Hammett's medical disability and gender were substantial motivating reasons for Defendant's decision to reassign and discharging Plaintiff from employment after pregnancy disability leave (and maternity leave).

102.   As a direct and proximate result of Defendant's intentional and willful disparate treatment against Plaintiff, Plaintiff has suffered harm, including but limited to compensatory damages and general damages including pain and suffering.

## SEVENTEENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

103.   The foregoing paragraphs are incorporated herein as if set forth in full.

104.   Defendant's conduct was outrageous;

105.   Defendant intended to cause Hammett emotional distress and/or Defendant acted with reckless disregard of the probability that Hammett would suffer emotional distress, knowing that Plaintiff was present when the conduct occurred;

106.   Hammett suffered severe emotional distress; and

107.   Defendant's conduct was a substantial factor in causing Hammett's severe emotional distress.

## PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant on all causes of action as follows:

1.    For lost wages and related employment benefits according to proof at trial;

2.    For special damages according to proof at the time of trial;

3.    For attorneys' fees according to proof;

4.    For punitive damages according to proof at trial as available per cause of action;

5.    For general damages, and for damages for emotional distress according to proof at

KUZNETSKY LAW GROUP, P.C.
P.C.
210 N. Pass Avenue, Suite 103
Burbank, CA 91505
(818) 753-2450

10

trial;

6.      A jury trial on all issues;

7.      The costs of litigation; and

8.      Such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury in this action for all issues so triable.

Dated:  January 27, 2021            KUZNETSKY LAW GROUP, P.C.


BY: /s/ Michael D. Kuznetsky            .
        Michael D. Kuznetsky, Attorneys for
        Plaintiff, MALLORY HAMMETT

**COMPLAINT FOR DAMAGES**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KUZNETSKY LAW GROUP
P.C.
210 N. Pass Avenue, Suite 105
Burbank, CA 91505
(818) 753-2450

**EXHIBIT A**

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | | |
|---|---|---|
| To: | **Mallory F. Hammett**<br>**4624 Beatty Pl**<br>**San Diego, CA 92124** | From: | **Los Angeles District Office**<br>**255 E. Temple St. 4th Floor**<br>**Los Angeles, CA 90012** |

[ ] *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | **Noe Perezmartir, Investigator** | |
| **480-2020-04563** | **Support Assistant** | **(213) 785-3066** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u>** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

October 30, 2020

Enclosures(s)

_____          _____

**Rosa M. Viramontes,**
**District Director**

*(Date Mailed)*

cc:    **Harriet Aldava**
**Human Resources**
**IMPRES**
**9732 NORWALK BLVD STE 3**
**Santa Fe Springs, CA 90670**

Enclosure with EEOC
Form 161-B (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA)**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***

Enclosures(s)

cc:

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.

➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities"  now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system**.**

➤ **Only one** major life activity need be substantially limited.

➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.

➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or "**in remission**" (e.g., cancer) is a disability if it **would be substantially limiting when active**.

➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**

➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).

➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.

➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.

➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:   Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KUZNETSKY LAW GROUP
P.C.
210 N. Pass Avenue, Suite 105
Burbank, CA 91505
(818) 753-2450

**EXHIBIT B**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 27, 2021

Mallory Hammett
4624 BEATTY PL
San Diego, California 92124

RE:  **Notice to Complainant**
     DFEH Matter Number: 202101-12454827
     Right to Sue: Hammett / IMPRES Technology Solutions, Inc.

Dear Mallory Hammett:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents.  If you do not have an attorney, you must serve the complaint yourself.
Please refer to the attached Notice of Case Closure and Right to Sue for information
regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of
Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                           GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 27, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202101-12454827
      Right to Sue: Hammett / IMPRES Technology Solutions, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

January 27, 2021

Mallory Hammett
4624 BEATTY PL
San Diego, California 92124

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202101-12454827
      Right to Sue: Hammett / IMPRES Technology Solutions, Inc.

Dear Mallory Hammett:

This letter informs you that the above-referenced complaint filed with the Department of
Fair Employment and Housing (DFEH) has been closed effective January 27, 2021
because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21, a
small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure
and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil
action until mediation is complete. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled from
DFEH's receipt of a mediation request under section 12945.21 until mediation is
complete.  To request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Mallory Hammett                                          DFEH No. 202101-12454827

Complainant,

vs.

IMPRES Technology Solutions, Inc.
10330 Pioneer Blvd. Suite 280
Santa Fe Springs, California 90670

Respondents

_____

1. Respondent **IMPRES Technology Solutions, Inc.** is an **employer IMPRES Technology Solutions, Inc.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2.
3. Complainant **Mallory Hammett**, resides in the City of **San Diego,** State of **California.**

4. Complainant alleges that on or about **January 7, 2020**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's sex/gender, disability (physical or mental), family care or medical leave (cfra) and as a result of the discrimination was terminated, laid off, denied equal pay, demoted, denied reasonable accommodation for a disability, denied accommodation for pregnancy, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant requested or used a pregnancy-disability-related accommodation, requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, laid off, demoted, denied reasonable accommodation for a disability, denied accommodation for pregnancy, denied work opportunities or assignments.

**Additional Complaint Details:** IMPRES removed me from all major accounts and opportunities to make significant money upon learning I was pregnant and removed my

-1-
*Complaint – DFEH No. 202101-12454827*

Date Filed: January 27, 2021

1
2
3
4
5
6
largest accounts within 2 months of my due date. Additionally they tried to terminate me after a doctor prescribed additional weeks off due to post-partum depression that the company was aware of. They did nothing to work with me about a different position within the company. They caused extreme stress in the last 60 days I was pregnant and removal from my accounts significantly reduced my counted on and expected income. They used my unpaid maternity leave as a way to push me out of the company when I was in exceptional standing within the company-retaliating against me for my use of maternity leave.They tried terminating my employment after receiving correspondence from my doctor about a pregnancy-related impairment but the verbiage was changed to "laid off" after I asked many times what my status was and my manager said I wasn't being fired or laid off there was just "no longer a position available for me to return to".

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

-2-
*Complaint – DFEH No. 202101-12454827*

28

Date Filed: January 27, 2021

VERIFICATION

I, **Mallory Faye Hammett**, am the **Complainant** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On January 27, 2021, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**San Diego, CA**

-3-

*Complaint – DFEH No. 202101-12454827*

Date Filed: January 27, 2021